**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHONSO THOMPSON, | No. C 14-01143 RS |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| BANK OF AMERICA, NA, et al., | |
| Defendants. | |

Defendants are hereby ordered to show cause why this action should not be remanded to the Contra Costa County Superior Court. When seeking to remove a state court matter to federal court, defendants are required to file, among other things, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. Although the omission of certain state court documents normally will not result in remand, a removing defendant must at least attach "sufficient documents . . . to show the basis for jurisdiction." *Boxdorfer v. DaimlerChrysler Corp.*, 396 F. Supp. 2d 946, 951 (C.D. Ill. 2005) (citing *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739 (7th Cir. 1967)), *aff'd*, 435 F.3d 785 (7th Cir. 2006).

Invoking 28 U.S.C. § 1331, defendants' notice of removal asserts there is federal jurisdiction over plaintiff Alphonso Thompson's claim under the Truth in Lending Act. *See* ECF No. 1. The notice's supporting documents, however, contain no indication that Thompson is advancing a federal claim. Although defendants attach Thompson's civil case cover sheet and a brief form

1 complaint, those documents only reference certain state law claims.[1] "A case 'arises under' federal
2 law only if the federal question appears on the face of the plaintiff's well-pleaded complaint."
3 *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). Without the actual complaint,
4 there is no way to discern whether there is subject matter jurisdiction over this action.

5 Even after Thompson pointed out that the notice of removal lacks a corresponding
6 complaint, *see* Pl. Opp., ECF. No. 15, defendants have taken no steps to remedy this significant
7 defect. Defendants are hereby ordered to file electronically a copy of Thompson's complaint within
8 ten (10) days of the date of this order. Otherwise, this action will be remanded to state court.

10 IT IS SO ORDERED.

12 Dated: 4/28/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] In subsequent filings, defendants claim that Thompson lodged a twenty-seven page complaint advancing thirteen separate claims. *See* Motion to Dimiss, ECF No. 7; Def. Reply, ECF No. 20. It therefore appears that defendants' attempted removal is premised on a different document than the form complaint attached to the notice of removal.