IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALPHONSO THOMPSON,

    Plaintiff,

v.

BANK OF AMERICA, NA, et al.,

    Defendants.

No. C 14-01143 RS

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND CONTINUING CASE MANAGEMENT CONFERENCE**

    Plaintiff Alphonso Thompson, who is representing himself, filed this lawsuit in Contra Costa County Superior Court in October 2013. His complaint generally alleges that defendants Bank of America N.A., BAC Home Loans Servicing LP, The Bank of New York Mellon, Mortgage Electronic Registration Company, and ReconTrust Company engaged in unfair and deceptive lending practices in connection with a 2008 mortgage on plaintiff's home in Oakley, California. The complaint asserts thirteen claims for relief, most of which arise under state law. Thompson also alleges defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., and the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461.

    Defendants removed on March 11, 2014, claiming the court has federal question jurisdiction over Thompson's TILA and HOLA claims and supplemental jurisdiction over his state law claims.[1]

---

[1] Although the complaint was filed in October, defendants claim they were not served until February 12, 2014. Accordingly, removal was timely. *See* 28 U.S.C. § 1446(b)(1).

1  Defendants then filed a motion to dismiss the complaint in its entirety, arguing Thompson fails to
2  state a claim upon which relief can be granted.  (ECF No. 7).  When Thompson failed to oppose the
3  motion within fourteen days as required by Civil Local Rule 7-3(a), the assigned magistrate judge
4  ordered plaintiff to show cause why his complaint should not be dismissed.  (ECF No. 12).
5  Thompson eventually filed a short response explaining that he was previously unaware of his
6  obligation to file an opposition in accordance with applicable federal and local rules.  (ECF No. 15).
7  While his response also offered a few brief arguments in opposition to defendants' motion, he
8  requested "[a]s a general matter . . . leave to amend [the] complaint to more specifically allege" his
9  claims.  *Id.* at 2.  The matter was then reassigned.  (ECF No. 17).[2]

10  Although plaintiff volunteers to amend his complaint, a few of its present deficiencies—in
11  particular, those pertaining to his federal claims—merit discussion.  First, although the complaint
12  makes a few passing references to HOLA, it does not sufficiently allege how defendants' conduct
13  violated that law.  Indeed, it does not assert any particular claim under HOLA.  If Thompson intends
14  to state a plausible claim under that law, he must support the claim with additional allegations.  *See*
15  *Ashcroft v. Iqbal*, 566 U.S. 652, 678 (2009) (A claim is facially plausible "when the pleaded factual
16  content allows the court to draw the reasonable inference that the defendant is liable for the
17  misconduct alleged.").

18  Second, as pled, Thompson's TILA claim is time-barred.  Where, as here, a plaintiff seeks
19  damages under TILA, the claim must be brought within one year of the alleged violation.  15 U.S.C.
20  § 1640(e).  Thompson alleges that defendants failed to disclose certain material facts during the
21  lending process.  Although the complaint does not specify the date of origination, it avers that
22  Thompson acquired the subject property in September 2008.[3]  (Comp ¶ 1).  Because defendants'
23  misrepresentations allegedly occurred in connection with the loan, Thompson's TILA damages
24  claim is barred by the statute's one-year limitations period.  While "the doctrine of equitable tolling

---

[2] On May 27, more than two months after defendants first filed their motion to dismiss, and over one month after plaintiff responded to the prior order to show cause, Thompson filed a lengthy brief in opposition to defendants' motion.  (ECF No. 25).  This response, which is extremely untimely, will not be considered.

[3] Defendants make frequent reference to a "concurrently filed" Request for Judicial Notice regarding certain details of the subject mortgage.  (*See* Motion to Dismiss, ECF No. 7, 2:10).  Such request is nowhere to be found in defendants' filings.

may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), Thompson's complaint does not set out a factual basis to support an equitable tolling argument.

Defendants argue that despite Thompson's request to amend his pleadings, the complaint should be dismissed with prejudice. Leave to amend must be granted, however, unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995). Although the present complaint fails to state a federal claim upon which relief can be granted, defendants go too far to suggest that the complaint cannot possibly be fixed.[4] Plaintiff, who is representing himself in this matter, deserves another shot. Mr. Thompson is hereby advised, however, that if he fails to fix these problems with an amended complaint, his federal claims may be dismissed with prejudice.

Thompson's complaint is accordingly dismissed with leave to amend. If plaintiff elects to file an amended complaint, he must do so within thirty (30) days of the date of this order. Thompson is encouraged to consult with the court's pro se help desk, available at 415-782-8982.

The Case Management Conference scheduled on June 26, 2014 shall be continued to August 21, 2014 at 10:00 a.m. in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. The parties shall file either a Joint Case Management Statement or separate Case Management Statements, as provided in Civil Local Rule 16-9(a), at least one week prior to the Conference. Parties or counsel may appear personally or file a request to appear by telephone. If any party files such a request, all parties shall appear telephonically at 11:00 a.m. and must contact Court Conference at 866-582-6878 at least one week prior to the Conference.

The clerk is directed to terminate ECF Nos. 7 and 25.

IT IS SO ORDERED.

---

[4] Because Thompson fails to state a claim arising under federal law, this order need not address his state law claims. The parties are hereby advised that if Thompson's amended complaint fails to allege a colorable federal claim, the court will decline to exercise supplemental jurisdiction over the remaining state law claims and the matter will be remanded to state court.

Dated: 6/13/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE