United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALPHONSO THOMPSON,

Plaintiff,

v.

BANK OF AMERICA, N.A., et al.,

Defendants.

Case No.  14-cv-01143-RS

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS
AND REMANDING TO STATE COURT

*Pro se* Plaintiff Alphonso Thompson brings this action against Defendants Bank of America, N.A., for itself as successor by merger to BAC Home Loans Servicing, LP; The Bank of New York Mellon; Mortgage Electronic Registration Systems, Inc., and Recontrust Company, N.A., for alleged engagement in unfair and deceptive lending practices with regard to a 2008 mortgage on Plaintiff's home in Oakley, California.  Defendants removed the matter, originally filed in Contra Costa County Superior Court, on the grounds that this Court has federal question jurisdiction over Plaintiff's Truth in Lending Act ("TILA") and Home Owners' Loan Act ("HOLA") claims and supplemental jurisdiction over his numerous other claims arising under state law, as stated in his initial complaint.  They then moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's initial complaint in its entirety.  (Docket No. 7.)  Finding that Plaintiff had failed to state a federal claim—and therefore not reaching his state law claims—this Court

United States District Court
Northern District of California

dismissed Plaintiff's initial complaint and granted leave to amend.[1]  Now before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety, once again pursuant to Fed. R. Civ. P. 12(b)(6).[2]

The Court apprised parties in its prior dismissal order that if the FAC failed to allege a colorable federal claim, it would decline to exercise supplemental jurisdiction over any remaining state law claims and remand the matter to state court.  (Docket No. 26, n.4.)  *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

The FAC puts forth two claims: one for "fraudulent inducement to breach contract," and the other for "fraud and conspiracy to commit fraud," arising, Plaintiff contends, from various state tort and contract common laws and statutory provisions.  Neither of the FAC's two references to TILA (FAC ¶¶ 15, 41) attempt to state a violation of the Act's provisions or to surmount the apparent hurdle posed by the Act's statute of limitations that was pointed out in the Court's prior order.  Its sole mention of a HOLA violation (FAC ¶¶ 15) is merely in passing and, at best, conclusory.  Likewise, the FAC's citations to several other federal statutes, including the Securities Exchange Act and the Federal Debt Collection Practices Act; and provisions governing fraud against the United States and negligence in preventing civil rights violations, fall short of averring any claims arising from these laws.

---

[1] The Court specifically noted as crucial defects of the initial complaint that it did not aver any particular violations of HOLA, and that Plaintiff's TILA claim appeared time-barred.

[2] While Plaintiff failed to file his FAC within 30 days after the Court's dismissal order, the Court's order to show cause (Docket No. 29) granted Plaintiff an extension until September 5, 2014.  The FAC, filed on August 26, 2014, was therefore timely filed.

Plaintiff has, therefore, again failed to state a federal claim upon which relief may be granted. Accordingly, this Order need not address Plaintiff's state-law claims. Plaintiff's putative federal claims are dismissed without leave to amend, and the matter is remanded to the Contra Costa County Superior Court for further adjudication.

**IT IS SO ORDERED**.

Dated: November 3, 2014



_____
RICHARD SEEBORG
United States District Judge